UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACION NO. 16-10910-RGS

ANTWAN D. CAMPBELL and C.C.

v.

UNITED STATES

MEMORANDUM AND ORDER ON
UNITED STATES' MOTION TO DISMISS

July 12, 2016

STEARNS, D.J.

Antwan Campbell filed this pro se action against the Social Security Administration (SSA) and several federal employees, alleging interference with his, and his minor son, C.C.'s, right to disability benefits. The court lacks jurisdiction over the claims as Campbell has failed to exhaust the administrative process required by the Social Security Act, 42 U.S.C. § 405(g) et seq.[1]

---

[1] In the government's motion to dismiss, it also argues that the court must dismiss any tort claims that Campbell asserts, because he failed to file the requisite administrative claims with the appropriate agencies prior to instituting this action as required by the Federal Tort Claims Act, 28 U.S.C. §§ 2675(a) and 2401(b); see also *Santiago-Ramirez v. Sec'y of Dep't of Def.*, 984 F.2d 16, 18 (1st Cir. 1993) ("[T]he filing of an administrative claim is a

BACKGROUND

Campbell was awarded supplemental security income (SSI) in 2006. His son CC was awarded SSI in April of 2010. In October of 2015, SSA notified Campbell that his benefits would be suspended as of November of 2015, based on his spouse's previously undisclosed wages. *See* 20 C.F.R. §§ 416.1100 ("[T]he amount of income you have is a major factor in deciding whether you are eligible for SSI benefits and the amount of your benefit. . . . If you have too much income, you are not eligible for a benefit.") and 20 C.F.R. § 416.1160(a)(1) (explaining that a spouse's income can affect the claimant's eligibility for benefits). Similarly, in December of 2014, SSA suspended C.C.'s benefits based on his mother's wages. (Exhibit G); *see also* 20 C.F.R. § 416.1160(a)(2) (explaining that a parent's income can affect SSI eligibility). SSA mailed a copy of the decision to C.C.'s mother, Janet Campbell, as his representative payee. Both Campbell and his wife Janet were provided explanations of the right to appeal (within 60 days of the

---

non-waivable jurisdictional requirement."). Having reviewed the Complaint and the plaintiff's Opposition to the motion to dismiss, the court is of the view that the Complaint does not articulate any tort claims. If Campbell intended the Complaint to raise claims sounding in tort, they are dismissed without prejudice as noncompliant with Fed. R. Civ. P. 8, as failing to provide "fair notice of the [tort] claims against [the United States] and the grounds upon which those claims rest." *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1171 (1st Cir. 1995).

denial of benefits) to an administrative law judge (ALJ). Both Antwan Campbell and his wife requested that SSA reconsider the decision to deny benefits. The SSA declined to reconsider and reminded the Campbells of the appeals process. Neither Campbell filed a timely appeal of the SSA's decisions.

Notwithstanding, on May 11, 2016, Campbell brought this action in the Bristol Superior Court (Taunton) against the SSA and several federal employees individually. Specifically, Campbell claims that SSA employees Kimberly Walker, Carla Medeiros, Lashonda Watson (Downing), Elizabeth Nassef, Dino Trubiano, Steve Richardson, and Roberto Medina "obstructed and interfered with the due process rights [of Campbell and his son] . . . to receive Court ordered benefits/payments by deceit, fraud, and intimidation causing extreme hardship on the two disabled plaintiffs." Compl. at 1. He also claims that Steve Rand, a Department of Homeland Security employee, "did threaten and assault [him] to intimidate him from attending a federal court hearing to receive his and his disabled son's proper disability payments." *Id.* at 3. The government removed the case to this court. After certification that the individual defendants were acting in the scope of their employment at the time of the acts alleged in the Complaint, the court substituted the United States as the proper defendant.

DISCUSSION

The court lacks subject matter jurisdiction over the Campbell's Complaint. Campbell has asked this court to reverse the Commissioner of the SSA's decision and award him and his son "full owed back disability benefits." *Id.* at 6. According to Campbell's Opposition Memorandum, "the only decision this Honorable Court . . . has to decide . . . is how much Supplemental Security Income is owed to the plaintiffs." *Id.* at 5.

Under Section 405(g) of the Social Security Act, this court's jurisdiction is limited to the review of SSA's "final decision[s] . . . made after a hearing." *Lowry v. Soc. Sec. Admin.*, 2000 WL 730412, at *9 n.2 (D. Or. June 7, 2000). "The 'final decision' required to invoke this jurisdiction has been authoritatively interpreted to mean 'that the administrative remedies provided by the [Commissioner must] be exhausted.'" *Wilson v. Sec'y of Health & Human Servs.*, 671 F.2d 673, 677 (1st Cir. 1982), quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976). The SSA notices sent to Campbell and his wife regarding the suspension of benefits are "initial determinations" under 20 C.F.R. § 416.1402(b) and (c). Although Campbell sought reconsideration of the determinations, he failed to request, as mandated, a hearing before an ALJ, and, if that proved unsuccessful, before the Appeals Council. 20 C.F.R. § 416.1400(a)(4)-(5). Only then would this court have

jurisdiction to conduct further review.  *See Stewart v. Barnhart,* 402 F. Supp. 2d 355, 364 (D. Mass. 2005) ("[N]either denial constitutes a 'final decision' within the meaning of section 405(g) . . . and this Court lacks jurisdiction to hear them.").  Accordingly, this Complaint must be dismissed.

## ORDER

For the foregoing reasons, the government's motion to dismiss is ALLOWED, without prejudice.  The Clerk will close this case.

        SO ORDERED.

        /s/ Richard G. Stearns
        _____
        UNITED STATES DISTRICT JUDGE